## TERMINATION OF REAL ESTATE AGENCY CONTRACT WHEN BROKER ABANDONS EFFORTS TO EFFECT SALE.

Common Pleas Court of Hamilton County.

### LOUIS K. VAIL v. A. WATELSKY.

Decided, November, 1927.

*Brokers—Exclusive Agency Contract for Sale of Realty—Terminable after Certain Date upon Written Notice—Apparent Abandonment of Contract by Broker—In Force only for Reasonable Time in Spite of Owner's Failure to Give Notice.*

A written contract gave to a real estate broker the exclusive right to negotiate a sale of defendant's property "until November 1, 1924, and thereafter until a ten days' written notice of withdrawal" should be given. After November 1, the broker did not communicate with defendant or make any report as to his efforts to secure a purchaser. The defendant, without giving notice to the broker, effected a sale in the following October. In a suit by the broker to collect a commission, *held:*

1. That the conduct of the broker after November 1 was such as to justify defendant in the belief that the broker had abandoned the contract.

2. In spite of the provision in the contract for a ten days' notice of withdrawal, such contract is in force only for a reasonable time after the termination date, and a reasonable length of time would not have extended the contract from November until the following October.

*W. W. Symmes* and *Wm. C. Bush,* for plaintiff.
*Julius R. Samuels,* for defendant.

RYAN, J.

This is an action for the recovery of money alleged to be due plaintiff as a commission under an exclusive agency agreement for the sale of a parcel of real estate owned by the defendant.

At the conclusion of all the evidence, both parties moved for an instructed verdict; the jury was excused and the cause submitted to the court.

It is admitted that the defendant being the owner of twelve acres of land in Tate Township, Clermont county, Ohio, on July 16, 1924, entered into an agreement with plaintiff as follows:

"UNIFORM SALE CONTRACT.
L. E. Vail, Real Estate Agency,
                        Bethel, O., 7-16-1924.
I hereby agree to sell or exchange the following property, viz.: 12 acres in Tate Township in Bethel, Ohio, for the sum of $6,000 payable $2,500 cash, bal. terms, and authorize you to secure a purchaser for the same and agree to pay a commission of 5% per cent. on the amount for which said property may be sold. I guarantee the title good and will convey by deed of General Warranty, with release of dower. In consideration of your efforts to find a purchaser I agree that you shall have exclusive right to sell said property until November 1, 1924, and thereafter until a 10 days' written notice of withdrawal is given you. It is further agreed that you shall be entitled to your commission, if the property is sold or exchanged during the existence of this contract, by you, or the undersigned, or any other person, at any price acceptable to the undersigned.

(Signed)    A.  Watelsky.
Bethel, Ohio, 7-16-1924.
I hereby accept the agency for said property on the terms above stated.

L.  K.  Vail,
Sales  Manager."

The plaintiff claims that upon the acceptance of the agency he immediately undertook the sale of said premises by the insertion of advertisements in newspapers and by conducting prospective purchasers to the premises and that he continued his efforts until sometime in October, 1925, when he learned that the defendant had exchanged said premises for certain real estate in Cincinnati. That at the time when the defendant made the exchange, plaintiff's contract was still in force and effect, that ten days' notice of the withdrawal of the agency from the plaintiff had not been given and that he is entitled to a commission based upon the value at which the said twelve acre parcel of land was taken in said exchange.

The defendant admitting that he did not give the plaintiff the ten days' withdrawal notice as provided for in the agreement, claims that he did not see plaintiff at any time after the agreement was signed; that plaintiff did not at any time report to him as to the progress he was making in the matter of a sale or as to any prospective purchaser. That the plaintiff did not in any manner communicate with him after November 1, 1924. That plaintiff took no part in the transaction which resulted in the exchange of defendant's property, and that he assumed that plaintiff had abandoned said agreement.

The court finds from the evidence that the parties entered into an exclusive real estate agency agreement as set forth in the petition. That the plaintiff did between July 16 and November 1, 1924, make some effort to negotiate a sale of the premises in question but that his conduct after November 1, 1924, was such as to warrant the defendant in believing that the agreement had been abandoned by plaintiff.

The court is of the further opinion that since the contract did not fix any limit of time for the termination of said contract after November 1, 1924, except that it be terminated upon ten days' written notice, that it remained in force for a reasonable time only. That in view of the evidence a reasonable length of time would not have extended said agreement from November 1, 1924, to October, 1925.

Wherefore judgment will be accordingly entered.